# United States District Court

__NORTHERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

THOMAS COYLE

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 1 4 2006
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

**CRIMINAL COMPLAINT**

Case Number: 3:06-mj-141

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between on or about __April 7, 2006 through May 13, 2006__ in __BROOME__ county, in the Northern District of New York defendant did,

While using a facility of interstate and foreign commerce, which included communications and transmissions by computer on the internet, knowingly attempted to persuade, induce, entice, and coerce a male minor under eighteen (18) years of age, to engage in sexual activity under such circumstances as would constitute a criminal offense under the New York State Penal Code prohibiting rape, attempted rape, sodomy, attempted sodomy, sexual abuse, attempted sexual abuse, course of sexual conduct against a child, and endangering the welfare of a child.

In violation of Title __18__, United States Code, Section __2422(b)__ ( ATTEMPTED PERSUASION AND ENTICEMENT OF A MINOR TO ENGAGE IN SEXUAL ACTIVITY).

I further state that I am a(n) __Detective Sgt. - Endicott Police Department__ and that this complaint is based on the following facts:
Official Title

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof: ☒ YES    ☐ NO

_____
Detective Sgt. MICHAEL KAMINSKY
ENDICOTT POLICE DEPARTMENT

Sworn to before me, and subscribed in my presence,

__MAY 14, 2006__                              at   __SYRACUSE, NEW YORK__
Date                                                City and State

__HON. DAVID E. PEEBLES, U.S. MAGISTRATE JUDGE__        _____
Name and Title of Judicial Officer                      Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**Detective Sergeant Michael Kaminsky** being duly sworn, deposes and says:

1) **That** your Deponent is a Police Officer, having been a member of the Endicott Police Department for approximately 18 years, and he presently holds the rank of Detective Sergeant. Your Deponent has been assigned to the Detective Division for 16 years and has been a Sergeant in that division for approximately 4 years. That prior to being employed by the Village of Endicott, your Deponent worked for the United States Marshal's Service for two years as a Deputy U.S. Marshal and that prior to employment with the U.S. Marshal's Service your Deponent worked as a Public Security Officer for Broome County Government Security for approximately 3 years. That your Deponent has received specialized training in child abuse, molestation and exploitation cases and has investigated numerous cases of child sexual abuse during his assignment to detectives.

2) That in or about November of 2005 the victim, a 16 year old minor, was approached while working at the Price Chopper in Endicott, New York by the defendant who identified himself as Thomas Coyle and who then engaged the 16 year old minor in conversation. During the next several months Coyle approached the 16 year old minor victim at the Price Chopper several more times for brief periods engaging him in conversation. In March of 2006 Thomas Coyle approached the 16 year old minor victim and provided him with defendant's telephone number stating that he could call defendant at any time. Shortly after this occurred, the 16 year old minor victim received a telephone call from Thomas Coyle at the victim's residence although he had never provided his number to Coyle.

3) Between on or about April 9, 2006 and through May 13, 2006 defendant Coyle, while utilizing a computer and internet access at his residence at 61 Bean Hill Road, Town of Union, Broome County, New York, contacted the 16 year old minor victim via the internet. During this time period, defendant Thomas Coyle contacted the 16 year old minor victim on several occasions by way of e-mail and Instant Messaging (IM) using a computer and internet access from the 61 Bean Hill Road residence. During these contacts, the 16 year old minor victim was receiving these e-mails and Instant Messaging messages from defendant Coyle at the victim's own residence and his computer via the internet. During the e-mails and IM messages sent to the 16 year old minor victim by defendant Thomas Coyle, Coyle attempts to persuade, entice, induce and encourages the 16 year old minor victim to engage in sexual acts including masturbating and genital fondling while defendant Coyle is communicating, in real time, with the 16 year old minor victim over the internet via Instant Messaging. Defendant Coyle is encouraging and describing for the 16 year old minor victim the types of sexual acts that Coyle would like for the 16 year old minor to perform upon himself as they are communicating. Defendant Coyle then also, during the IM messaging over the internet, describes and informs the 16 year old minor victim the types of sexual acts that Coyle would like to perform on the 16 year old minor victim sometime in the near future, including performing oral sex upon the 16 year old minor. During these IM messages, defendant Coyle also describes for the 16 year old minor the locations or places where defendant Coyle would like to take the 16 year old minor in order to engage in oral sex with him.

4) During these communications with the 16 year old minor victim, defendant Coyle knew the victim's age to be 16 years old because he asked the victim for his age and the victim provided it to defendant.
5) The acts and activities described above and as committed by defendant Coyle constitute criminal violations of Endangering the Welfare of a Minor, Attempted Criminal Sexual Acts, Sexual Abuse and Attempted Sexual Abuse under New York state criminal penal laws.
6) After being arrested, defendant admitted that he was in fact the person Instant Messaging and e-mailing with said 16 year old minor victim and defendant also admitted that defendant knew the victim was 16 years old.
7) Law enforcement executed a search warrant at defendant's 61 Bean Hill Road residence and recovered defendant's computer which was used in the commission of this offense.  Law enforcement also recovered documentation from defendant's residence containing personal information about the 16 year old minor victim.
8) The information and substance concerning the IM messaging and e-mails between defendant and the minor victim is known to me from having personally interviewed the 16 year old minor victim and from having personally reviewed and read the IM messages and e-mails between defendant and the 16 year old minor victim. Additionally, I was personally present at the victim's residence and with him at the computer at the time that defendant was sending the IM messages to the 16 year old minor victim and therefore I was reading the IM messages along with the victim as the defendant transmitted those messages to the victim.

Michael Kaminsky
Det. Sgt., Endicott PD

*[signature: Mike Kaminsky]*

Sworn to before me this 14th day
Of May of 2006

*[signature: David E. Peebles]*

Hon. David E. Peebles
U.S. Magistrate Judge
U.S. District Court, NDNY