```
U.S. DISTRICT COURT - N.D. OF N.Y.
         FILED
        SEP 22 2006
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton
```

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

v.

**Criminal No. 3: 06-CR-180**

**THOMAS COYLE**
      **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT**:

1.   As a result of his guilty plea to Count 1 of Indictment No. 06-CR-180, which alleged forfeiture pursuant to 18 U.S.C. §2253, and the defendant's admission of the forfeiture allegation on the record on August 23, 2006 which are set forth in that Indictment, the defendant shall forfeit to the United States all his right, title and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the charged 18 U.S.C. §2422(b) as alleged in Indictment No. 06-CR-180; and

2.   The Court has determined that based on evidence already in the record, including the defendant's plea of guilty on the record on August 23, 2006, and admission of the illegal acts alleged in Count 1 of Indictment No. 06-CR-180, that the following properties are subject to forfeiture pursuant to 18 U.S.C. §2253, and that the government has established the requisite nexus between such properties and such offenses:

    A. **PERSONAL PROPERTY**

           i. An HP computer serial number MXR4111857; monitor; scanner; keyboard and mouse attached to computer;

           ii. HP 635 HP PhotoSmart digital camera no serial number;

2

    iii. Sony 10X digital MAVICA camera no serial number;

    iv. HP iPaq PDA no serial number;

    v. VHS tapes; DVD disks; CD disks; floppy disks; zip disks;

**B. VEHICLE**

    i. 2004 Pontiac Bonneville, Black Four Door Sedan, VIN 1G2HX52K74U209362, license plate (New York), registered to to Thomas Coyle.

3. Upon the entry of this Order, the United States Marshal Service is authorized to seize the properties set forth above.

4. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

7. Any person, other than the above named defendant, asserting a legal interest in any of the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject properties, and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. §2253(m)(6).

8. Any petition filed by a third party asserting an interest in the subject properties shall

be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(B) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. §2253(m)(2) for the filing of third party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward six (6) certified copies of this order to Assistant U.S. Attorney Carl J. Boykin, United States Attorney's Office for the Northern District of New York, P.O. Box 7198, 100 South Clinton Street, Syracuse, New York 13261-7198.

SO ORDERED:

Dated: Sept. 22, 2006

HONORABLE THOMAS J. MCAVOY
SENIOR U.S. DISTRICT JUDGE